UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:12-cv-00655-MSS-TGW

MICHAEL J. SCHLAGHECK,

    Plaintiff,

v.

WESTLAKE SERVICES, LLC d/b/a
WESTLAKE FINANCIAL SERVICES,

    Defendant.
_____/

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Westlake Financial Services. ("Westlake") answers the Complaint ("Complaint") filed in this matter by paragraph number corresponding to the Complaint as follows:

1. Admit that the Complaint asserts that Defendant violated the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Denied that the Complaint adequately states claims for relief under those statutes or that Defendant violated them.

2. Admitted.

3. Admit that if Plaintiff resides in this jurisdiction the, venue in this district is proper. Otherwise denied.

4. Admit that Plaintiff is an individual. Without knowledge of his address.

5. Admit that Westlake is a foreign liability company. Without knowledge as to the meaning of the term "sales finance company" as used in the Complaint, therefore denied.

6. Denied.

7. Denied.

8. Admit that attached to the Complaint as Exhibit "A" is a letter addressed by Plaintiff to Defendant dated September 10, 2010, the content of which speaks for itself, otherwise denied.

9. The content of the letter speaks for itself. Otherwise denied.

10. Admit that Defendant sent the letter attached to the Complaint as Exhibit "B" to Plaintiff. The letter speaks for itself as to its content. All other allegations denied.

11. Denied. The letter speaks for itself.

12. Denied.

13. Denied.

14. Denied.

15. Without knowledge, strict proof demanded.

16. Denied.

17. See Westlake's Responses to paragraphs 1 - 16 above.

18. Denied.

19. Denied.

20. See Westlake's Responses to paragraphs 1 - 16 above.

21. Denied.

22. Denied

23. See Westlake's Responses to paragraphs 1 - 16 above.

24. Denied.

25. Denied.

26. See Westlake's Responses to paragraphs 1 - 22 above.

27. See Westlake's Responses to paragraphs 1 - 16 above.

28. Denied.

29. Denied.

30. See Westlake's Responses to paragraphs 1 - 16 above.

31. The TCPA speaks for itself as to its provisions and legal argument to which no response is required.

32. The TCPA speaks for itself as to its provisions and legal argument to which no response is required.

33. The TCPA speaks for itself as to its provisions and legal argument to which no response is required.

34. The TCPA speaks for itself as to its provisions and legal argument to which no response is required

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As its first Affirmative Defense, Westlake states that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA. Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and

compliance with its provisions. On January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, in "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." In it, the FCC stated, inter alia:

> autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party, and, that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

And, referring to an earlier Order entered in 1992:

> persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.

In this case, Plaintiff purchased a car and financed his purchase with Westlake. In his credit application and other documents provided to Westlake he provided the telephone number xxx-xxx-6171 (Plaintiff's cellular phone number which is the subject of his claims) as a contact number. By providing his cell phone number to Westlake in connection with the debt which Westlake sought to collect, Plaintiff consented to be called at that number with respect to the debt under the FCC's interpretation and guidance on the TCPA. Accordingly, Plaintiff's claims for violation of the TCPA must fail.

## SECOND AFFIRMATIVE DEFENSE

As its second Affirmative Defense, Westlake states that Plaintiff's claims for violation of the Telephone Consumer Protection Act ("the TCPA") are preempted by the provisions of the Fair Debt Collection Practices Act ("FDCPA"), which was specifically enacted to and regulates communications in the collection of consumer debts, whereas the TCPA was enacted solely for the purpose of regulating telemarketing calls, not calls placed in connection with collection of debts. To impose liability on Defendant under the TCPA for communications which were not

telemarketing calls, violates the intent and purpose of the TCPA.

### THIRD AFFIRMATIVE DEFENSE

As its Third Affirmative Defense, Westlake states that it has served an Offer of Judgment under Rule 68 on Plaintiff's FCCPA claims for complete relief to which he is entitled under that statute. Accordingly, his FCCPA claims must be dismissed as moot.

### FOURTH AFFIRMATIVE DEFENSE

As its fourth Affirmative Defense, Westlake states that each count of the Complaint fails to state a claim for violation of the statutes as alleged.

### FIFTH AFFIRMATIVE DEFENSE

As its fifth Affirmative Defense, Westlake states Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

### SIXTH AFFIRMATIVE DEFENSE

As its sixth Affirmative Defense, Westlake states to the extent that it inadvertently violated any provision of the FCCPA or TCPA in connection with collection of the debt owed by Plaintiff as alleged, such violation was accidental and unintentional.

### SEVENTH AFFIRMATIVE DEFENSE

As its seventh Affirmative Defense, Westlake states it is entitled to setoff amounts owed to it by Plaintiff under the Contract between Westlake and Plaintiff against any amounts which may be awarded to Plaintiff

### EIGHTH AFFIRMATIVE DEFENSE

As its eighth Affirmative Defense, Westlake states that to the extent it violated any provision of the or the FCCPA in connection with collection of the debt owed by Plaintiff as

alleged, such violation occurred as a result of bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### NOTICE OF RIGHT TO RAISE ADDITIONAL DEFENSES

In addition, Westlake states that Plaintiff's claims may be barred, in whole or in part, by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. The extent to which said claims may be so barred cannot be determined until Defendant has had an opportunity to complete discovery, and, therefore, Defendant incorporates all such affirmative defenses as if set forth in full herein. Defendant hereby reserves the right to specifically add or assert other affirmative defenses as may be discovered.

WHEREFORE, Plaintiff's claims against Defendant should be dismissed in their entirety with further relief, as follows:

1. Issuance of a judgment against Plaintiff dismissing all claims against answering Defendant.

2. Issuance of an order against Plaintiff awarding costs and disbursements in favor of answering Defendant.

3. Such further and other relief as deemed by this Court to be just and equitable in favor of Defendant.

Respectfully submitted,

**/s/ *Elizabeth M. Bohn***
Elizabeth M. Bohn
JORDEN BURT LLP
**Florida Bar No. 288047**
777 Brickell Avenue, Suite 500
Miami, Florida 33131
Telephone: 305-347-6814; Fax: 305-372-9928
E-mail: eb@jordenusa.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Amended Answer and Affirmative Defenses was served by the Court's CM/ECF electronic mail system to those parties registered to receive electronic notices of filings in this case, and on the following counsel by facsimile and U.S. Mail, first-class postage prepaid and properly addressed, on this 8th day of June, 2012 to:  Christie D. Arkovich, Esq., Christie D. Arkovich, P.A., Attorney for Plaintiff, 1520 W. Cleveland Street, Tampa, Florida  33606.

/s/ *Elizabeth M. Bohn*
Elizabeth M. Bohn

202677v2